## ALSTON and wife *vs.* JONES and others.

*A* bill to set aside a will, which secures to a married woman and her issue, a share of the property of the testator, for her separate use during coverture, is improperly filed by the husband in the names of himself and his wife; the interests of the complainaints being in conflict.

In such a case, the wife, instead of being joined with her husband as a complainant, should be made a defendant.

Persons having adverse or conflicting interests in the subject of the litigation should not be joined as complainants in the suit.

Where a particular allegation is inserted in a bill, for the purpose of transferring the jurisdiction from a court of law to a court of equity, the bill, or rather that particular allegation in the bill, must be verified by the oath of the complainant, or by the oath of some other person, on his behalf, who knows the fact.

And where such allegation covers the whole equity of the bill, the defendant need not demur specially to that allegation, on the ground that is is not verified, but may demur generally; stating for cause of demurrer that the bill is not verified by oath.

THIS case came before the chancellor upon a demurrer of G. A. Jones, one of the defendants, to the complainants' bill of complaint.

John Mason, late of the city of New-York, died, seised and possessed of a large real and personal estate. And the bill in this cause was filed by J. Alston, in the names of himself and his wife, who was a daughter of the decedent, to set aside a testamentary paper which had been propounded by the executors and trustees named therein, and admitted to probate by the surrogate, as the last will and testament of the decedent. And the other six children of the decedent, and his grandchildren, the issue of a deceased child, and the executors and trustees named in the alleged will, were made defendants in the suit; together with some of the other grandchildren of the decedent who were interested in sustaining the will as a valid testamentary disposition of his property.

By the terms of the will in controversy, the one-eighth of the real and personal estate of the decedent to which Mrs. Alston would have been entitled in case of an intestacy, or to which she and her husband would have been entitled, in her right, was devised and bequeathed to trustees, in connection with the other

seven-eighths of his property, in trust, out of the income thereof to pay her an annuity of $3000 for her separate use and benefit, during the joint lives of herself and her husband, with power to the trustees to increase the annuity during her life, and to accumulate the residue of such income for the benefit of her issue; giving to her the whole capital of that eighth of the estate in case she survived her husband. But if she died in the lifetime of her husband, leaving issue, the capital as well as the surplus income thereof was devised and bequeathed to such issue, subject to an annuity of $3000 to her surviving husband, during his life. The bill alleged, among other things, that the decedent was of unsound mind, and was in a dying state, and wholly incompetent to make a valid testamentary disposition of his property, at the time of making the alleged will, which had been admitted to probate by the surrogate. The complainants also insisted that the will was invalid, even if the decedent was competent to execute the same, on account of the illegality of its various provisions. And for the purpose of showing that the complainants had not a perfect remedy at law, to recover the possession of Mrs. Alston's one-eighth of the real estate of which her father died seised, the bill alleged that the decedent, in his lifetime, had leased and demised to divers persons, large portions of his real estate for terms of years; which terms of years, at the time of the filing of the bill in this cause, were still unexpired. But the bill was not verified by the oath of the complainants, or of any other person in their behalf.

The defendant George A. Jones, who was one of the grandchildren of the decedent, and a devisee and legatee of a portion of one-eighth of the estate and of other interests therein, demurred to the bill for want of equity. And he stated, as a special ground of demurrer, that the bill was improperly filed by the husband in the joint names of himself and his wife, instead of making her a party defendant, to set aside a will creating a trust in her favor, and for her separate use. This defendant also stated, as a ground of demurrer, that the bill was not verified by oath.

Alston *v.* Jones.

*C. O'Conor*, for the complainants. The object of the bill of complaint is to set aside the alleged trust, and to establish the title of Mrs. Alston as heiress at law, by descent. This is a higher and better title in her than that offered to her by the alleged will. She has a right to prefer the former, and on electing so to do, is a proper complainant, and as such must join with her husband. The defendants cannot, by their unlawful procurement of this will, absolutely deprive Mrs. Alston of the power to file a bill as complainant to set it aside. She is not bound to appear in support of it. If the circumstance that Mrs. Alston has an interest to support the will, as well as an interest against it, whilst her husband's interest is altogether against it, requires that she should appear separately from him, still it is not necessary that she should be a defendant. She may be a co-complainant, and the court can by order appoint an indifferent person as her next friend, to appear for her and see that her interests suffer no prejudice. A decree in a suit so conducted would bind her. If the course above suggested is proper, the demurrer on the record should be overruled with costs, and this amendment of the proceedings should be allowed without costs. (*Robinson* v. *Smith*, 3 *Paige*, 233.)

*M. S. Bidwell*, for the defendant. Mrs. Alston should have been made a party defendant. The object of the bill is, to set aside the will of John Mason. This will secures to Mrs. Alston an income to her separate use, and contingently, an estate in which her husband has no interest. Her interest, therefore, is adverse to that of her husband. (*Grant* v. *Van Schoonhoven*, 9 *Paige*, 255. *Story's Eq. Pl.* § 63, *n.* 4.) The demurrer is, for this reason, well taken.

The bill shows no equity, and nothing to give this court jurisdiction; unless it be that there are outstanding leases by the testator of some part of his real estate. And, with regard thereto, as the bill seeks to transfer to this court a subject matter properly cognizable at law, there should have been an affidavit; and the want of it is a ground of demurrer. (*Lynch* v. *Willard*, 6 *John. Ch. Rep.* 346. *Whitchurch* v. *Golding*. 2

Alston v. Jones.

*P. Wms.* 541. *Hook* v. *Dorman,* 1 *Sim. & Stu.* 227. *Story's Eq. Pl.* § 477. *Mason* v. *Mason's Ex'r,* 2 *Sand. Ch. Rep.* 432.) As these causes of demurrer were distinctly pointed out in the demurrer of this defendant, the bill should be dismissed with costs, as to this defendant.

THE CHANCELLOR. The objection is well taken, that the bill is improperly filed by the husband in the names of himself and his wife, to set aside a will which secures to her and her issue, her one-eighth of the property of her deceased father, for her separate use, during the coverture. It is very evident from this bill, that the interests of the husband and wife are in conflict in this case. For if the will is sustained, she not only gets a clear annuity of $3000 for her separate use, during coverture, with the chance of an increase thereof to the whole amount of the income, but also the entire eighth of the personal as well as the real estate of her father, absolutely, in case she should survive her husband. And if he survives her, the will secures it to her issue, subject to an annuity to her surviving husband, payable out of the income, for his life. The will also gives to her certain contingent interests in other portions of the estate. On the other hand, if the husband succeeds in setting aside the will, for any cause, he becomes entitled to the whole of her eighth of her father's personal estate; and to the income of the real estate during his life. And she also loses her contingent interest in the other three-eighths of her father's estate; to which she may be entitled under the will. The wife therefore, instead of being joined with her husband as a complainant, should have been made a defendant. For persons having adverse or conflicting interests in the subject of the litigation should not be joined as complainants in the suit.

This case, to be sure, is not like that of *Cholmondeley* v. *Clinton,* (4 *Bligh's Rep. O. S.* 1,) where the bill itself showed that both complainants could not be entitled to the relief sought, without showing to which the right to relief belonged. For upon this bill, the complainants show that there was no valid will which could give a separate estate to the wife. But the

Alston v. Jones.

true ground of objection is that this bill is the bill of the husband alone, and the wife will not be bound by any of the allegations therein, in a future litigation between her and the defendants, or with other persons. (*Grant* v. *Van Schoonhoven,* 9 *Paige's Rep.* 257.) It being the husband's suit, and the wife's interest being in conflict with his, she was as necessary a party, as a defendant in the suit to set aside the will, as the other devisees, who also had an interest in supporting the will.

I am not prepared to say Mrs. Alston had not the right, if she thought proper to do so, to file a bill herself, to set aside the will, so far as the real estate was concerned, if the decedent was incompetent; to enable her to give the property to her husband for life instead of her issue, or to enable her husband and herself to dispose of it in fee, for their own purposes. But to enable her to do so, she must either file her bill against her husband and the other parties, by her next friend; or she must make it her own suit as well as the suit of her husband, by suing by her next friend and joining with her husband, as a separate or distinct complainant in the suit.

Unless the trusts in the will are invalid, so as to entitle the complainants to relief as to the personal estate on that ground, the objection is also well taken, as to the whole discovery and relief sought, that the bill is not verified by oath. For so far as the bill seeks to set aside the will upon the ground of the incapacity of the testator, the probate before the surrogate is conclusive, except upon appeal, so far as the personal estate is concerned; and it cannot be questioned in this collateral way. And as to the real estate the remedy at law is perfect; unless there are outstanding terms, which prevent the recovery of the possession of the undivided one-eighth of the real estate which has descended to Mrs. Alston, as one of the heirs, if the allegations in the bill are true. The law is well settled that where a particular allegation is inserted in a bill for the purpose of transferring the jurisdiction from a court of law to a court of equity, the bill, or rather that particular allegation in the bill, must be verified by the oath of the complainant; or by the oath of some other person, on his behalf, who knows the fact.

(*Lynch* v. *Willard*, 6 *John. Ch. Rep.* 346. *Hook* v. *Dorman*, 1 *Sim. & Stu. Rep.* 230.) And as the allegation as to the existence of outstanding terms, covered the whole equity, unless the complainants are right in supposing that the trusts of the will are illegal, it was not necessary to demur specially to the charge that there were outstanding terms; upon the ground that such charge was not verified. But he might demur generally, stating for cause of demurrer that the bill was not verified by oath. For in the absence of a verification of the truth of that charge, according to the course and practice of the court, the demurrer was not too broad in covering the whole equity and relief sought by the bill.

The first objection, that the suit is improperly brought by the husband in the name of himself and his wife, instead of making her a party defendant, goes to the whole bill, even if some of the trusts in the will in relation to her share of her father's estate are invalid. It is not necessary, therefore, to consider that question, in the present situation of the suit, even in reference to the personal estate of the decedent. The demurrer must be allowed, and the bill must be dismissed as to the defendant G. A. Jones, with costs, but without prejudice to the rights of the complainants, or either of them, in any future litigation; unless the complainant J. Alston, within thirty days after service of a copy of the decree, elects to amend, by striking out the name of his wife as a complainant and making her a party defendant, and also by verifying by his oath, the charge in the bill relative to the existence of the outstanding terms in the real estate of the decedent, or in some part of it. In case he elects to amend, he must pay the costs of this defendant upon the demurrer, and serve a copy of the bill as amended, within sixty days after the receipt of the taxed bill of costs.

It does not appear by the papers before me whether the suit is in a situation to allow of an amendment as to the other defendants, with or without payment of costs as to them. But as the cause could not be in a situation to take testimony therein before this demurrer was disposed of, there will probably be no difficulty in obtaining leave to withdraw the replication to

the answers of the other defendants, if one has been filed, upon such terms as may be proper. But if the bill cannot be amended as to the other defendants, the only remedy is to discontinue the suit, and file a new bill as to all the defendants.