## SUPERIOR COURT.

CYNTHIA SMITH, BY EDWARD SMITH, HER NEXT FRIEND, agt. JAMES KEARNEY AND McGREGOR M. STANIELS.

A complaint which relates to the *separate* property of the wife cannot be filed by her and her husband as plaintiffs; she must sue by her *next friend,* and her husband can not be such. (*This is adverse to the decision in the case of Rusher and wife agt. Morris and wife, ante p.* 266.)

*Special Term, April,* 1854.—This was a motion on the part of the defendants to set aside the appointment of Edward Smith, as next friend of the plaintiff, on the grounds that he was her husband, and that no order had been made for his appointment.

W. McDermot, *for motion.*

H. H. Wheeler, *opposed.*

Hoffman, Justice.   This suit is brought to recover certain property seized by the defendant, Staniels, upon an execution issued on a judgment in favor of the other defendant, Kearney, against Edward Smith, the next friend in the complaint.   The plaintiff Cynthia, his wife, claims the property; and having taken it upon claim and delivery, the undertaking to the sheriff has been given and perfected.   It is now objected that the husband cannot be a next friend, that no order appointing him as such has ever been entered, and that he is wholly irresponsible.   Some uncertainty prevails as to the practice on this subject; and in the late case of Rusher and her husband against Morris, (Supreme Court, April 10th, 1854, since reported, 9 *Howard*, 266,) Justice Roosevelt sustained a bill of foreclosure, brought by husband and wife, of a bond and mortgage given to the wife since the act of 1848, therefore her sole and separate property.   The learned judge, in order to protect the wife, adopted, as an applicable rule, the practice of obtaining her written consent, upon a private examination, to a disposition of the fund to her husband, or any other person, otherwise to be paid to herself.   The learned judge refers to the practice formerly known in chancery of taking such an examination before funds of a married woman were taken out of court.   The practice of the court of chancery on this point was not fully settled, so far as reported cases proved it, until a late period Lord Hardwicke stated the general rule to be, that a bill by husband and wife was a bill of the husband, and the suit was under his control : that where it related to the separate property of the wife it ought to be brought by her *prochein ami.*   However, there have been cases of such a bill by hus-

band and wife, and the court has taken care of the wife, and ordered payment to some person for her. (Griffith agt. Hood, 2 *Ves., Sen.* 452.) It may, however, be stated that the fixed rule of the court of chancery in England and in this state has for many years been, that where the separate estate of the wife is concerned the suit must be by a next friend.

If there is a joint interest with the husband, he must be a party, or the suit would be defective. He is therefore allowed to sue with her, the court, in the result, taking care of her interest in the joint fund. But if the estate was equitably her own, and solely her own, a next friend other than the husband was essential. Reeves agt. Dulby, 2 *S. and St.* 464; Sigel agt. Phelps, 7 *Simons*, 239; Simons agt. Horwood, 1 *Keene*, 7; England agt. Downs, 1 *Beavan*, 96; Wake agt. Parker, 2 *Keene*, 59; Bowers agt. Smith, 10 *Paige*, 201; Alston agt. Jones, 3 *Barb., S. C. R.* 397; Grant agt. Van Schoonhoven, 9 *Paige*, 257; Sherman agt. Burnham, 6 *Barbour*, 414; Hugh agt. Evans, 1 *S. and S.* 185, point to the distinction between a suit for a joint interest and one for a separate estate of the wife. It should be carefully noticed that, if a suit is directly against a husband, of necessity she must sue by a next friend. The exception in divorce cases was by statute. Coit agt. Coit, 4 *Howard*, 232, and 6 *Howard*, 53, is an instance of this character since the Code. Now the very idea of a separate estate is an estate held by the wife in opposition to a marital right. Therefore her position is antagonistic to his as to such property, whatever may be the actual union of views and acts between them. At any rate, no point was more entirely settled before the Code.

The 114th section, as originally passed, gave rise to several questions; and in 1851 an amendment was adopted presumptively to remove them. It is now provided, that when a married woman is a party her husband must be joined with her, except that where the action concerns her separate property she may sue alone, and that when the action is between herself and her husband she may sue or be sued alone. But where the husband cannot be joined with her as herein provided, she shall prosecute or defend by her next friend.

It must be observed that the last clause is unmeaning, unless the words, " may sue alone," in the above preceding clauses, mean simply she is to sue without her husband. Under the grammatical construction of these clauses there is no case provided where the husband cannot be joined with the wife. The phraseology is simply permissive, to sue alone; not prohibitory of uniting with the husband. There is, then, no sensible construction of the whole to be found except in reading the provision thus : When a married woman is a party the husband must be joined in the action, except that if the action concern her separate property the husband cannot be joined with her, but she must sue by a next friend; and when the action is between herself and her husband, she shall prosecute or defend by her next friend. My conclusion is, that upon clear authority before the Code, and upon a true interpretation of the Code, a complaint which relates to the separate property of the wife cannot be filed by her and her husband as plaintiffs, that she must sue by her next friend, and that her husband cannot be such. This result renders it unnecessary to pass upon the other questions.

The order will be, that the plaintiff, Cynthia Smith, have liberty to amend her complaint within ten days, by striking out the name of Edward Smith as her next friend, by adding the name of some other person as such, after being duly appointed by order of the court, with liberty, if advised, to make the husband a party-plaintiff or defendant. The plaintiffs to pay $10 costs, or such amendment not to be allowed. In case no amendment is made within the time limited, or no order obtained extending such time, or the $10 costs are not paid, the complaint to be dismissed with costs.