WARREN ACKLEY and DEMARIAS ACKLEY, Appellants, *v.* LEVI TARBOX and another, Respondents.

In an action brought in the name of the husband and wife for damages to the separate property of the wife, the joining of the name of the husband is unnecessary; and, under the 173d section of the Code, it may be stricken from the proceedings, either before or after judgment.

It is, therefore, not such an error as calls for a reversal of the judgment; but his name will be stricken out, on motion, leaving the judgment to stand in the name of the wife.

THIS action originated in a justice's court, and was brought to recover the value of a cow, the separate property of Demarias Ackley, one of the plaintiffs, and which was alleged to have been taken and converted by the defendants. In the complaint before the justice, which was in writing, it was averred, that the cow was the property of Demarias Ackley, one of the plaintiffs, and the wife of the other plaintiff Warren Ackley, who is joined in this suit as husband. The defendants took issue, denying that Demarias Ackley was the owner of the cow; and a jury having been empanneled, they rendered a verdict for the plaintiffs; whereupon the justice gave judgment for the amount of the verdict and costs, in favor of the plaintiffs, and which on appeal was affirmed by the county court. The Supreme Court, at General Term, reversed the judgments of the county court and the justice's court, on the sole ground, that in actions concerning the separate property of a married woman she must sue alone, and cannot join with her husband. (See 29 Barb., 512, *S. C.*)

The plaintiffs appealed.

*John H. Reynolds*, for the appellants.

*L. L. Bundy*, for the respondents.

DAVIES, J. It is manifest from the complaint that the action in fact was that of Demarias Ackley, in relation to her separate property, and that Warren Ackley was made a

party plaintiff, solely as her husband, and a nominal party only. At the time this action was commenced, it was not as well settled as it is now that the wife, for injuries to her separate property, may maintain an action in her own name without joining her husband. He was undoubtedly made a party plaintiff, *ex abundante cautela,* and to obviate any objection which might have been made by the defendants, that the action could not be maintained by the wife without joining the husband. He was clearly an unnecessary party, and his name on the record could produce no embarrassment to the defendants. He claimed no interest in the subject matter of the controversy, and, in fact, was not a party litigant. His presence upon the record was a matter of supererogation. Section 173 of the Code was framed to meet a case like the present. It declares that the court may, before or after judgment in furtherance of justice, amend any pleading, process or proceeding, by adding or striking out the name of any party. As soon as the objection was taken that the husband was an unnecessary party, as he clearly was, it was the duty of the court to have stricken his name from the proceedings in the action. It can now be done, and the judgment stand as it ought, a judgment in favor of the wife for injury to her personal property.

The judgment of the Supreme Court should be reversed, and the judgments of the county court and the justice's court affirmed.

JOHNSON, J. (dissenting.) The Code (§ 114) provides that when a married woman is a party to an action her husband must be joined, except in two cases: 1. Where the action concerns her separate property; 2. Where the action is between herself and her husband. In these two cases it is provided she may sue alone without any guardian or next friend. The intent and meaning of this section of the Code, to my mind, is very plain. When the wife is a party the husband is to be joined in all kinds of actions, and whatever may be the subject of the litigation, except two, and in those two he is not to be joined, but she is to sue alone. It is

claimed that the language of the first subdivision of the section, "she may sue alone," is permissive merely, and leaves it optional with the wife whether in such a case she will sue alone or join her husband with her. But the same language is used in the second subdivision, which relates to a case where it is impossible to join the husband as co-plaintiff or co-defendant. This renders it quite certain that the object of the statute was not to give the wife, or the husband, an election whether the husband should be joined in an action which concerns the separate property of the wife, but simply to provide for the cases in which a married woman should sue and be sued, as though she were unmarried, and dispensing with the guardian or next friend, which was before necessary in every action by a married woman where her own rights or interests were the subject of the litigation. It is simply a provision by which she may sue alone as though she were a single woman, without any next friend or guardian. It was intended to take away the right of the husband to join or be joined, and make the action that of the married woman exclusively and the judgment conclusive upon her, the same as upon any other party. Previous to the Code, it was the well settled practice in chancery that the husband was not a proper party where the action related to the separate property of the wife. And where the husband was joined in such a case it was regarded as the suit of the husband, and the wife was not bound or concluded by the decree, but might have another action. (*Paulet* v. *Delaval*, 2 Ves., Sen., 666; *Hughes* v. *Evans*, 1 Sim. & Stu., 185; *Reeve* v. *Dalby*, 2 id., 464; *Sigel* v. *Phelps*, 7 Sim., 239; *Wake* v. *Parker*, 2 Kern., 60; *England* v. *Downs*, 1 Beav., 96; *Owden* v. *Campbell*, 8 Sim., 551; *Grant* v. *Van Schoonhoven*, 9 Paige, 255, 257; *Bowers* v. *Smith*, 10 id., 193, 201; *Smith* v. *Kearney*, 9 How. Pr., 466; *Stewart* v. *Kissam*, 2 Barb., 493; *Alston* v. *Jones*, 3 Barb. Ch., 397; *Sherman* v. *Burnham*, 6 Barb., 414.) I have no doubt that it was intended by the Code to adopt the chancery rule in actions concerning the wife's separate property, and such, I think, is the decided preponderance of authority since the

Code was adopted. The objection of the misjoinder of the husband was not taken by the answer, but was raised by way of motion for nonsuit, when the plaintiffs rested their case. The defendant could not demur on that ground in a justice's court. A demurrer is only allowed in that court when the pleading is not sufficiently explicit to enable the other party to understand it, or contains no cause of action or defense. (Code, § 64, subd. 6.) But a defendant may, in his answer, give notice of any fact constituting a defense. (Subd. 4 of same section.) It may be somewhat questionable whether the defendant, by answering without raising this question of misjoinder did not waive it. Such was the rule formerly in equity. (*Bowers* v. *Smith, supra; Rafferty* v. *King*, 1 Kern., 601; *Talmage* v. *Pell*, 9 Paige, 412.)

In actions of law, however, the defendant could demur on account of the misjoinder, or plead it in abatement, or make it the ground of a motion for nonsuit on the trial. (Graham's Pr., 2d ed., 94, 95, and cases there cited.) Chitty says: " If the objection do not appear upon the face of the pleading it would be a ground of nonsuit on the trial." (1 Chitty, 76.) Otherwise, according to this authority, the defendant should demur, or he might move in arrest of judgment. But here, although the objection appeared upon the face of the complaint, the defendant could not demur in that court, nor could he plead it in abatement; and the only way in which he could raise the question was by motion for a nonsuit. This, I have no doubt, he had a clear right to do, in such a case, whatever may be the rule in courts of record.

But it is claimed on behalf of the plaintiffs that if the defendant was entitled to a nonsuit, it was only as to the husband; that the wife was clearly entitled to judgment, if the husband was not, and that the judgment should not be reversed for the refusal to nonsuit both plaintiffs. But it is difficult to see how the justice could have rendered a judgment in favor of the wife and against the husband co-plaintiff. The provisions of § 274 of the Code are not extended to courts of a justice of the peace by § 64, subd. 15. By this subdivision the provisions of the Code respecting forms of

action, parties to actions, the rules of evidence, the times of commencing actions and the service of process upon corporations, are made applicable to justices' courts, but not the provisions of chapter 6 relating to the manner of entering judgments. Indeed, neither section of chapter 6 of the Code is made applicable to those courts; nor could any of them well have been made applicable. As no cause of action was shown in favor of the plaintiffs, the objection was fatal to the action. It is laid down in Cowen's Treatise, 2d ed., 557, in respect to actions for wrongs, "if too many are made plaintiffs the objection is fatal to the action, at whatever stage it be made, before the cause is finally submitted." And besides, if the action in such a case, is the action of the husband, and his right fails, the action before the justice must necessarily fail also. I am of the opinion, therefore, that the judgment of the Supreme Court is right, and should be affirmed.

All the other judges being in favor of reversal,

Judgment reversed.