## CHARLES O. HALL *v.* HECTOR WINCHELL.

*Massachusetts Insolvency Laws. Foreign Judgment. Debt. Conflict of Laws.*

The plaintiff recovered judgment against the defendant in Massachusetts in 1858, both being at that time residents of that State, upon a contract made in Vermont since the last day of July, 1838, and to be performed here, both being residents of Vermont when the cause of action arose. The defendant obtained a discharge in insolvency in Massachusetts upon proceedings instituted in that State after the rendition of said judgment, which had never been paid, the plaintiff still being a citizen and resident of Massachusetts at the time of said insolvency proceedings. *Held*, that the debt which the plaintiff now seeks to recover, in an action of debt on said judgment, and which was commenced by an attachment of the defendant's property in this state before said insolvency proceedings were instituted in Massachusetts, was within the express provisions of the insolvency laws of Massachusetts, and fully and absolutely discharged everywhere.

DEBT upon a judgment rendered in Massachusetts. Pleas, *nul tiel record* and a discharge under the insolvent laws of Massachusetts. The plaintiff replied in substance : 1st. That there was such record, and 2d, that the said discharge did not include this debt, as the cause of action on which the judgment was founded, arose in Vermont upon a contract made and entered into here, and to be performed here, and to both parties which were citizens and resided here, and that the plaintiff sued out his writ in this case before said insolvency proceedings were instituted in Massachusetts, and caused the defendant's real and personal estate to be attached on said writ. To the plaintiff's replication to the defendant's second plea the defendant filed a general demurrer. The pleadings and facts in the case are sufficiently set forth in the opinion.

The case was heard and tried by the court at the December Term, 1865, KELLOGG, J. presiding, and the court adjudged that there was such a record of judgment as the plaintiff in his declaration alleged, to which decision and judgment upon the issue of *nul tiel record* the defendant excepted. Upon the issue on the defendant's demurrer to the replication to the defendant's second plea, it was considered and adjudged by the court, *pro forma*, that the demurrer be overruled, and that the replication be held sufficient, to which the defendant also excepted.

*A. B. Gardner* and *Geo. W. Harman*, for the defendant.

The debt arising from the contract made in Vermont was merged

Hall *v.* Winchell.

in the judgment rendered in Massachusetts, on which the present action is brought. *Smith* v. *Higbee*, 12 Vt. 113. A judgment in a state court is conclusive, in every other state, in all cases, where the court has jurisdiction of the cause of action, and of the parties, and extinguishes the original cause of action. 1 Pet. C. C. R. 74; Bac. Ab. Exting. D. The weight of authority is in favor of the position that the discharge of a contract, by the law of the place where it was made and to be performed; providing for the appropriation of all one's property; for the payment of all his debts, and if insufficient, for an equal distribution, must be considered as determining the contract by the same species of force by which it was formed, *eo ligamine quo ligatur*, and therefore that it no longer exists. *Smith* v. *Buchanan*, 1 East, 6; *Potter* v. *Brown*, 5 East, 124; *Mather* v. *Buck*, 16 John. 233; *Donnely* v. *Corbett*, 7 N. Y. 500. The laws of Massachusetts gave effect to the contract now in suit, and by those laws must its legal operation be determined; by those laws the defendant has been discharged from the obligation of that contract, and both parties having their homes, in that state, the plaintiff is bound by the discharge. *Baker* v. *Wheaton*, 5 Mass. 509; *Johnson* v. *Fitzhugh*, 3 Barb. ch. 373; *Dresser* v. *Brooks*, 3 Barb. 429. A certificate of discharge, under the insolvent laws of a state, is a good bar to an action on a contract between two citizens of that state, made and to be performed in another state. *Marsh* v. *Putnam et al.*, 3 Gray, 551. A discharge in insolvency is conclusive between the citizens of the state where it is obtained, whatever be the origin of the contract. *Ogden* v. *Saunders*, 12 Wheat. 213; *Ogden* v. *Saunders*, 6 U. S. Con. R. 523.

*Charles N. Davenport*, for the plaintiff.

The fact appears upon the record that this suit was commenced long before, and was pending in the court below at the time the proceedings in insolvency were begun in Massachusetts, and the defendant's real estate and personal property in Vermont were attached by the plaintiff. Now, is a Vermont court bound by any rule of comity or of positive law, to give an effect to the defendant's discharge, which will dissolve the plaintiff's attachment? It is clear that if the plaintiff had been a citizen of Vermont, at the time he made the attachment, our courts would not thus dissolve it. And inasmuch as

the *situs* of the defendant's property gave jurisdiction to our courts, and our courts, with their ordinary process of attachment, are equally open to our own citizens and those of our sister states, no reason is obvious why the plaintiff should not have the benefit of his diligence. The general doctrine on this subject is thus stated by Judge STORY: "Nor are the courts of any state under any obligation to give effect to a discharge of a foreign debtor, where, under its own laws, the creditor has previously acquired a right to proceed against his property." Story's Conf. L., § 337 ; and see *Harrison* v. *Sterrey*, 5 Cranch, 289 ; 2 Kent's Com. 329, 330, *et seq.* ; *Ingraham* v. *Gager*, 13 Mass. 146 ; REDFIELD, C. J. in *Hanford* v. *Paine*, 32 Vt. 456. And if this be true as to a subsequent attachment *a fortiori* it would be as to a prior.

The opinion of the court was delivered by

WILSON, J. This is an action of debt on judgment rendered by the court of common pleas of the commonwealth of Massachusetts, in the year 1858. The defendant's second plea, among other things, alleges that after the rendition of the judgment mentioned in the plaintiff's declaration, proceedings for his discharge in insolvency in the state of Massachusetts, were instituted that he obtained a discharge based upon such proceedings, that the debt which the plaintiff seeks to recover in this action was contracted since the last day of July, 1838, and that the debt was due to the plaintiff, who was a citizen and resident of that state on the 29th day of October, 1863, the day of the first publication of the notice of the warrant for the seizure of the estate of the defendant under the insolvency proceedings which resulted in his discharge. The plaintiff's replication admits that the plaintiff and defendant were, at the time of the rendition of the judgment, citizens and residents of the commonwealth of Massachusetts, but it alleges that the cause of action arose and the promises for the breach of which the plaintiff recovered the judgment, were made and entered into, and were to be performed by the defendant within this state. The replication further alleges that before the commencement of the proceedings in the court of insolvency mentioned in the defendant's second plea, viz: on the 6th day of September, 1862, the plaintiff commenced this suit and attached upon the writ, the defendant's real and personal property within this state.

To the replication the defendant filed a general demurrer. The provisions of the statute of Massachusetts as to the extent and effect of a discharge in insolvency are as follows : " The debtor shall thereupon, as provided in section 79, be absolutely and wholly discharged from debts proved against his estate, and from all debts provable under this chapter, and founded on any contract, made by him subsequently to the last day of July, 1838, and while an inhabitant of this state, (Massachusetts), if made within this state, to be performed within the same, or *due* to any person resident therein at the time of the first publication of the notice of the issuing of the warrant." The defendant's plea alleges all that is required to give operation to the discharge pleaded in bar to the action, unless the new matter alleged in the replication is sufficient in law to avoid the legal effect of the defendant's plea. The new matter alleged in the replication is, first, that the contract, for the breach of which the plaintiff recovered the judgment mentioned in his declaration, was made and entered into, and was to be performed within the state of Vermont, while the plaintiff and defendant were both citizens and residents within this state. The demurrer admits that the contract on which the judgment was founded, was made in Vermont, and, to be performed here, and that both the plaintiff and the defendant were residents of this state at that time. But the plea alleges that the debt mentioned in the declaration was contracted and to be performed in that state, and that it was due to the plaintiff who was a citizen and resident of the State of Massachusetts at the time of the first publication of the notice of the warrant, the plea treating the judgment rendered by the court of common pleas of that State in 1858 as the debt due to the plaintiff, while the plaintiff in his replication insists that the contract on which that judgment was founded, was not merged in the judgment, and that the original debt is due to him within the meaning of the insolvency laws of that state. It stands admitted by the pleadings that the debt was due to the plaintiff at the time of the first publication of the insolvency proceedings. Several authorities are cited by counsel upon the question whether the original debt due to the plaintiff is merged in the judgment obtained in 1858.

Hall *v.* Winchell.

It appears to be well settled in this state that a judgment rendered in one state, by a court having jurisdiction of the suit, will operate as a merger of the cause of action, and be a bar to the further prosecution of a suit in another state, between the same parties and upon the same claim. 30 Vt. 538. But whether such is the effect of the plaintiff's judgment upon his original claim, it is not necessary to decide, for whether it was the judgment, or the claim on which the judgment was founded, that was due to the plaintiff at the time of the institution of the proceedings in insolvency, is of no importance; either of them was a debt, due to the plaintiff, within the meaning of the statute. The plaintiff's counsel insists that the attachment in this state, prior to the commencement of the proceedings in insolvency which resulted in the defendant's discharge, should except his debt from the operation of the discharge; but we think the language of the statute does not justify such conclusion. The statute makes no such exception. It is a law of discharge, it does not merely take away the remedy in that state, but it fully and absolutely discharges the debt everywhere. Courts here should give it the same operation and effect that was intended by the legislature of that state. It appears that the plaintiff, after the original contract was made, voluntarily became a citizen of and a resident within the Commonwealth of Massachusetts, and subject to the laws and within the jurisdiction of the courts of that state, that he was a resident of that state at the time of the proceedings in insolvency, and his claim was provable against the defendant's estate. We think the debt which the plaintiff seeks to recover was within the express provisions of the insolvency laws of that state, and that the replication is insufficient. It has been settled by repeated decisions that an insolvency law, where it operates only upon contracts to be made after the law takes effect is constitutional.

The judgment of the county court is reversed, and upon suggestion of the plaintiff's counsel that he might derive an opportunity to re-plead, the case is remanded to the county court on terms as to costs.