ANGELL v. COOK, impleaded, appellant, *et al.*

*Partnership — what is not — special agreement — Practice — modification of judgment.*

S., by contract in writing, agreed to work the farm of C. on shares, and to take a certain number of cows and keep them in a certain manner. It was also verbally agreed that a ton of feed should be purchased for the cows and that each should pay for one-half thereof. S. bought the feed of plaintiff, acquainting him with the agreement. *Held,* that such an agreement did not render S. and C. partners in the purchase of the feed, and that each was severally liable only for one-half the purchase price.

An action was brought in a justice's court against S. and C., jointly, for the price of the feed. Judgment was rendered in favor of plaintiff, which was affirmed by the county court, upon an appeal by C. *Held,* that the pleadings might be amended to meet the case (Code, § 64, subd. 11), the name of S. stricken out as an unnecessary party (Code, § 173) and the judgment affirmed against C., to the extent of one-half the amount rendered in the courts below.

CASE submitted upon printed briefs and points. The facts appear in the opinion.

*B. T. Wright,* for appellant.

*W. H. Warner,* for respondent.

MILLER, P. J. This is an appeal by the defendant Cook from a judgment of the county court of Cortland county, affirming a judgment rendered in favor of the plaintiff and against the defendant by a justice of the peace of said county, for thirty-four dollars and fifty-six cents damages, and four dollars and fifty-five cents costs. The complaint of the plaintiff alleged that during the month of March, 1871, the defendants were doing business as partners in carrying on the farming business in the town of Lapeer, New York. That as such partners they bought meat and feed to use in their said farming business, to the amount of forty dollars, of the plaintiff, and being so indebted to the plaintiff, they promised and agreed to pay the same, for which amount and interest the plaintiff demanded judgment. The defendants denied each and every allegation in the complaint, and set up that the feed, etc., was bought by

the defendant Shepherd, without the knowledge or consent of the defendant Cook. It appeared, upon the trial, that the defendants entered into a written contract, whereby the defendant Shepherd agreed to work the farm of the defendant Cook on shares, taking a certain number of cows, and agreeing to keep them in a certain manner. It was also agreed between them, orally, that a ton of feed should be purchased for the cows, and each should pay for one-half thereof, and upon a statement of this agreement the plaintiff let defendant Shepherd have the feed, and charged the same to both of the defendants.

Upon the foregoing facts, which comprehend all that is material for the decision of this case, I am of the opinion that the justice erred in rendering a judgment in favor of the plaintiff for the amount claimed. The defendants were clearly not liable as partners, because no such relation existed between them which authorized either one of them to contract such a debt, and it cannot be claimed that the debt was contracted in that capacity. The most which can be insisted as to their liability to the plaintiff is, that they became indebted to him under and by virtue of a special contract, by which each one of them was to pay for one-half of the feed purchased by Shepherd of the plaintiff. This was an individual and a separate liability each for the one-half of the feed, according to the proof. Upon these terms the agreement was made and the property purchased, and the plaintiff and the defendants all assented and agreed to such an arrangement. Even if a joint liability may have existed, because the feed was for the benefit of the stock held by the defendants jointly, it cannot be maintained in this case, for the reason that the contract was special, and each of the defendants thereby was separately liable for the one-half of the feed purchased. It, therefore, follows that the judgment was erroneous, but as the defendant Cook was clearly liable for one-half of the feed purchased under the agreement, and the evidence is sufficient to uphold a decision for the amount actually delivered, I am inclined to think that upon this appeal the judgment may be modified so that one-half thereof, with costs, be affirmed as to the defendant Cook, and reversed as to the remainder within § 366 of the Code. The pleadings in this respect may be considered as amended to meet the case (Code, § 64, subd. 11), and the decisions of the justice upon the trial, which were objected to in this state of the case, were in no respect erroneous.

The name of the defendant Shepherd, who was not a necessary party to sustain the action against the defendant Cook, may be considered as stricken out, so far as the judgment of this court is concerned within § 173 of the Code. See *Ackley* v. *Tarbox*, 31 N. Y. 564. Judgment of the county court and of the justice is affirmed as to the appellant Cook, for sixteen dollars and twenty-eight cents, with interest, and the costs before the justice, and reversed as to the residue, without costs of appeal to the county court, or of the appeal to this court, to either party.

*Judgment accordingly.*