# THE NEW YORK STATE MONITOR MILK PAN COMPANY (LIMITED), APPELLANT, *v.* REMINGTON'S AGRICULTURAL WORKS, RESPONDENT.

*Amendments — power of the court to strike out the name of a sole corporate defendant and substitute that of an individual not a party to the action — Code of Civil Procedure, sec. 723.*

This action was brought against the defendant Remington's Agricultual Works, a corporation duly fòrmed under the laws of this State, to recover for the breach of a contract alleged to have been made by it. The summons and complaint were served by delivering the same to Philo Remington, as one of the defendant's officers. In fact the contract was not made by the defendant, but was made, if at all, by a partnership consisting of Philo Remington, Samuel Remington and Eliphalet Remington, which had bought out the business of the defendant and was carrying on business under the name of the Remington Agricultural Company. Upon learning these facts the plaintiff, after issue had been joined, applied for leave to amend the summons and complaint by striking out the defendant's name and substituting therefor the names of the three partners.

*Held,* that under section 723 of the Code of Civil Procedure the court had power in its discretion to grant the amendment. (LEARNED, P. J., dissenting.)

APPEAL from an order granted at the Delaware Special Term denying a motion on the part of the plaintiff to amend the summons and complaint herein by striking out the name of "Remington's Agricultural Works," and substituting the names of Philo Remington, Samuel Remington and Eliphalet Remington as parties

defendant in this action, together with such fit averments as may be required by said change or amendment, and that plaintiff have leave to serve an amended summons and complaint upon said Samuel and Eliphalet Remington.

The defendant "Remington's Agricultural Works" is a manufacturing corporation organized under the laws of the State of New York. The contract, for the alleged non-performance of which this action was brought, was not executed by the said defendant "Remington's Agricultural Works," but was executed by the "Remington Agricultural Company," which then was and is a general copartnership composed of Philo Remington, Samuel Remington and Eliphalet Remington. This firm had bought out the business of the defendant.

The summons and complaint in this action were served upon the defendant the Remington's Agricultural Works, by personal service being made upon Philo Remington as an officer thereof, and the said defendant corporation duly appeared and answered, admitting its incorporation as alleged in the complaint.

*F. Jacobs, Jr.*, for the appellant.

*George O. Rasbach*, for the respondent.

BOCKES, J.:

The motion to amend the summons and complaint was denied at Special Term because of the supposed want of power in the court to make the proposed amendment. It is so stated in the order. In this ruling I think the Special Term was very manifestly in error. The authority to allow the proposed amendment is conferred by section 723 of the Code of Civil Procedure fully and completely, as I think, and the cases so holding under the former Code, not materially differing from the present Code, are, as it seems to me, numerous and uniform. (*McElwain* v. *Corning*, 12 Abb., 16; *Newton* v. *Milleville Mfg. Co.*, 17 id., 518, note; *Fuller* v. *Webster Fire Ins. Co.*, 12 How., 293; *Risley* v. *Wightman*, 13 Hun, 164; *Tighe* v. *Pope*, 16 id., 180; *Bank of Havana* v. *Magee*, 20 N. Y., 359; *Walsh* v. *Washington Ins. Co.*, 32 id., 439; *Thompson* v. *Kessel*, 30 id., 383; *Ackley* v. *Tarbox*, 31 id., 564.) It is urged by the

respondent's counsel, that the ground of motion admits that there now exists no cause of action against the present defendant; that to grant the motion would be a substitution of an entire new party defendant. But it should be observed that it is not proposed to change the cause of action laid in the complaint. It is intended to stand upon the same contract *set out at length* therein; and the person already served with process is one of the defendants sought to be brought in by the amendment. This person, too, was personally interested both in the "Remington's Agricultural Works" and in the "Remington Agricultural Company," in the former as a member and to some extent manager of the incorporation, and in the latter as one of the partners, doing business in that partnership name. This is not therefore the case of a proposed substitution of a person or of persons having no connection with the former defendant or defendants in the subject-matter of the action.

Without here particularly collating the facts in all the cases above cited it will be found on examination that in several of them an entire change of party, in the strict sense of the term (the cause of action stated remaining as a ground of recovery), was made, as much as is desired in this case. In *McElwain* v. *Corning* (12 Abb., 16), the action was originally brought against the executors of B. An amendment was allowed by changing the action to one against the administrators of A. In *Newton* v. *Milleville M. Co.* (17 Abb., 318, note), the action was originally brought, as alleged in the complaint, against a corporation by its corporate name. An amendment was allowed by changing the action to one against those persons named, who were subsequently found to be the true defendants. So in *Fuller* v. *The Webster F. I. Co.* (12 How., 292), it is laid down that the court would direct an amendment of the pleadings by *substituting* a party as defendant when it appears that such amendment will further the ends of justice; and this too was a case where, as DAVIES, J., remarked, the plaintiffs could not succeed against the then present defendants. In *Tighe* v. *Pope* (16 Hun, 180), the action was against the administratrix and judgment was asked for against the defendant as such. A motion to amend the summons and complaint so as to change the action to one against the defendant personally was denied at Special Term; but on appeal the decision was reversed, and the motion was granted. The opinion of Mr.

Justice GILBERT in this case is an instructive one on the points here under examination, and may be supplemented by the very just views of Judge DENIO, on the same subject in *Bank of Havana* v. *Magee* (20 N. Y., 359, 360, 361). The learned judge there reaches the conclusion in substance and effect, that when the *nature of the litigation is not changed*, and where the name used fails, for technical reasons only, adequately to represent the party in the litigation, an amendment such as is here asked for is in furtherance of justice and should be allowed. The other cases above cited recognize the power in the court to make the amendment here desired, and indeed go the length of holding that the court has the power and authority in its discretion to make almost any amendment that may be asked for in the process and pleadings in a given case, if made in due time at Special Term, and it be shown to be in furtherance of justice.

The case relied on by the respondent's counsel (*Bassett* v. *Fish*, 75 N. Y., 303) is not in point, as there the amendment was sought in the Court of Appeals. But it should be noted that it was there intimated that the amendment sought and denied might have been allowed, had the application been made at Special Term in due time. That the Special Term possessed the power to allow the amendment sought in this case, I cannot doubt. If right in this conclusion the order appealed from should be reversed and the question as to the propriety of granting this application should be considered and determined by this court either here, now, or by the Special Term to which the motion might be remanded. For myself, however, I have no hesitation in saying that in my opinion the motion should be granted. It is very plainly a case of mistake on the part of the plaintiff and its attorney, and the facts presented show it to be a pardonable and well-excused mistake, induced by the manner in which the defendants had conducted their business. I think the amendment is shown to be manifestly in furtherance of justice. If it be considered that terms should be imposed as a penalty for the mistake, so be it. But there is here no question of bad faith in the proceedings on the part of the plaintiff or its attorney, and it may well be questioned whether the defense has not encouraged the plantiff's actions, at least to a considerable extent. If so, terms should not be imposed. In my judgment the order appealed

from should be reversed and, as I think, the motion should be here granted.

BOARDMAN, J., concurred.

LEARNED, P. J. (dissenting) :

The summons was against the defendant above named. The complaint averred that the defendant was a corporation and that it had made a certain written contract therein set out. The contract was made in the name of the Remington Agricultural *Company*, which name the complaint averred was used by the corporation defendant.

The summons and complaint were served by delivering the same to Philo Remington. (Code of Civil Pro., § 431.) The corporation defendant appeared and answered and the action is at issue.

It now appears by affidavit that it was not the corporation defendant which made the contract set forth in the complaint, but that the contract was made, if at all, by a partnership bearing the name of The Remington Agricultural *Company*, and composed of Philo Remington and two others. This partnership, before the time of making the alleged contract, had bought out the business of the corporation and had continued in business under the new name of the Remington Agricultural *Company*. The corporation, however, has not been dissolved, and its corporate existence still continues. The plaintiff now moves to substitute Philo Remington for the corporation defendant, and to add the two other partners as defendants. The Special Term denied the motion and the plaintiff appeals.

It thus appears that the present action was regularly commenced and is regularly pending against the present defendant. It was not commenced against Philo Remington, and he is not and never has been a party defendant. In an action against a corporation the summons must be delivered to some officer, but such delivery does not make him a party. So the question comes up whether, when an action has been commenced against one person as defendant, the court can substitute another in his place. Of course this is not a case where since the commencement of the action there has been a "devolution of liability" on some person other than the original defendant. (Code of Civil Pro., § 756.) No change has taken place since this action was commenced.

Now, excepting the cases thus provided for in section 756, I am not aware that the court has any right, when an action has been commenced and is pending against one person as defendant, to substitute for that person, without consent and on the plaintiff's motion, another person as defendant.

In *McElwain* v. *Corning* (12 Abb., 16) the proper defendants were sued. The only change allowed was a change in the summons of the description of the character in which they were sued, from " administrators of H." to " administrators with the will annexed of C." No complaint had ever been served, and the court remarked that the plaintiff " had sued the right individuals." In the present case he has not.

*Newton* v. *Milleville Man. Co.* (17 Abb., 318, note) is a Special Term case, briefly reported, where the plaintiff, in ignorance of the true name of defendants and supposing them to be a corporation, which they were not, had sued them by the name in which they transacted their business. He was allowed, on motion, to substitute their names as defendants, under section 175 of the old Code of Civil Procedure. If the plaintiff in the present case had made the Remington Agricultural Company defendant, supposing it to be a corporation, this case would have been like that cited. As it is, the analogy fails, because the plaintiff has not sued Philo Remington and his partners, but has sued an existing corporation which is entirely distinct from them. In the case cited there was no corporation, but the name inserted in the summons as that of the defendant was the partnership name of the very persons whose real names were afterwards substituted. No new person was brought in. The real defendants had been sued under their partnership name.

*Fuller* v. *Webster I. Co.* (12 How., 293) was also a Special Term case. In that case the court allowed the name of a receiver of a defunct corporation, who had, in the name of the corporation, put in an answer, to be substituted for that of the corporation.

The case of *Tighe* v. *Pope* (16 Hun, 180) was one where an action was brought against one describing her as administratrix, and asking judgment against her as such. The motion was to strike out the words " as administratrix." The court held that it should be granted, remarking that, " whether the amendment were allowed or not, the same person will be defendant." That is the very point in

which that case differs from the present. If the present motion were granted, another person would be defendant, and that is the reason why it should not be granted.

The case of *Bank of Havana* v. *Magee* (20 N. Y., 355) was one where the plaintiff miscalled himself by the name "Bank of Havana" instead of using his true name, "Charles Cook." An amendment giving his true name brought in no new party. There was no person, natural or artificial, called "Bank of Havana," but that name was one used by Cook, the real plaintiff, in his business. Like the case last cited, therefore, the amendment brought in no person who had not in fact been a party previously.

*Ackley* v. *Tarbox* (31 N. Y., 564) was a case where a husband had joined as plaintiff with his wife in respect to her property. It was held that his name might be stricken out. That does not touch the principle here involved.

*Thompson* v. *Kessel* (30 N. Y., 383) was a case where a firm was sued in its firm name, the plaintiff alleging his ignorance of their individual names. The defendants were allowed to amend by inserting the individual names. This was merely in accordance with section 175 of the old Code above cited. No new persons were brought in as parties without their consent.

The case of *Walsh* v. *Washington Insurance Company* (32 N. Y., 427) was not a change of parties at all.

These are all the cases cited as sustaining the appellant's view. In no one of them has the court, when the action was pending against one person, substituted another for him. Nor do I think any such power exists. Persons are made parties defendant by the service of a summons. In legal effect Philo Remington is a stranger to this action. He cannot be substituted in the place of the present defendant.

The case of *Bassett* v. *Fish* (75 N. Y., 315) supports this view. That was an action for damages occasioned by the alleged negligence of the defendants as trustees of a certain school district. They were in fact the trustees of a union free school district; and the court held that they were a corporate body and that the alleged cause of action was against such corporate body. It was suggested that the complaint could be amended by striking out their names and inserting that of the corporation. The court say: "This is not

well conceived. To insert the corporate name would be to make the corporation the party and to dismiss the defendants, as persons or officers, from the action. But we have not jurisdiction of the person of the corporation. It has not been brought into court. We may not make it a party to this action by such an amendment."

Conversely, in this present case, the court has not jurisdiction of Philo Remington and cannot make him a party by such amendment; nor can it by such amendment dismiss the corporation, which is now the defendant.

In that case the court suggested that an amendment might be applied for to the Special Term. That amendment was to strike out all the names except that of Forbush, and to strike out his designation as trustee, leaving the action against him personally, for it was claimed that he was personally liable on account of his personal acts or neglect. Such an amendment would bring in no new party, and would, as to Forbush, be only a change of description and a change of the theory of the action. But I do not understand the court to intimate that at Special Term the existing defendants might be stricken out and a new defendant substituted for them. That is a thing which has never yet been done.

The order should be affirmed, with ten dollars costs and printing disbursements.

Order reversed, with ten dollars costs and printing disbursements, and motion granted, without costs to either party.