## MARY J. AND EDWARD WRIGHT *v.* SOLON BUR-ROUGHS.

*Demurrer. Statement in Writ may aid Declaration. Married Woman. Husband Cannot Join under Acts* 1884, *No.* 140.

1. In our practice the writ and declaration are so blended that the former may be referred to in aid of a defect in the latter.

2. But where defendant is attached "to answer unto M. of, &c., and E., husband of the said M.," this is equivalent to an averment simply that the plaintiffs are then husband and wife, and not that they were at any time prior to the date of the writ.

3. Whenever, under No. 140, Acts of 1884, a married woman can sue alone, she *must* so sue.

4. A promissory note belonging to the wife at the date of marriage is, under the act, the sole property of the wife, and the husband cannot join in a suit upon it.

This was an action in assumpsit. By the terms of the writ the defendant was attached "to answer unto Mary J. Wright of New Haven, and Edward Wright, husband of the said Mary J. Wright." The original declaration having been adjudged insufficient on demurrer, the plaintiffs filed a new count as follows:

"And now come the plaintiffs in said cause, and for a new declaration therein declare against the defendant in a plea of the case, for that the defendant at Waltham, in said county of Addison, on the 15th day of April, 1881, did make, execute and deliver to the plaintiff, Mary J. Wright, a promissory note, the

date whereof is the day and year last aforesaid, and therein promised the plaintiff, Mary J. Wright, to pay to her, one day after date thereof, for value received, the sum of two hundred and eighty-three dollars and sixty cents, with interest. Whereupon the defendant became then and there liable to pay to the plaintiff, Mary J. Wright, the aforesaid sum of money in said note specified, according to the terms of said note. Yet the defendant, not regarding his said promises, has not performed the same, though often requested thereto, but has neglected and refused so to do."

To this count the defendant demurred generally. The court, at the June Term, 1888, Royce, Ch. J., presiding, overruled the demurrer and gave judgment for the plaintiff; to which the defendant excepted.

*Roberts & Roberts* and *H. C. Royce,* for the defendant.

This note on the face of the pleadings was the sole property of Mary J. Wright. Under No. 140, Acts of 1884, she is empowered to sue alone upon it. The husband having no interest in the note nor in the suit cannot thrust himself in nor be brought in as a party. The wife must sue alone. *Stearns* v. *Stearns,* 30 Vt. 213; *Bartlett* v. *Boyd,* 34 Vt. 260; Roberts' Digest, p. 383, pl. 50–52.

*Stewart & Wilds,* for the plaintiff.

The allegation in the writ is a sufficient statement that the plaintiffs are husband and wife. *Church* v. *Westminster,* 45 Vt. 380; R. L. s. 846.

This note is dated in 1881. If the plaintiffs were married prior to Jan. 1st, 1885, the husband became liable for his wife's debts and had a right to her personal property, this note among the rest. Having, therefore, an interest in the note; he may join in a suit upon it. The act of 1884 gives a married woman a right to sue upon a *chose in action* which is exclusively hers, but it does not debar the husband from joining in a suit upon one in which by the very terms of the act he must have an interest. Schouler, Dom. Rel., s. 114; *Coombs* v. *Read,* 16 Gray, 271; Mass. G. S., 1860, 537; *Dunn* v. *Sargent,* 101 Mass. 339;

*Westervelt* v. *Gregg*, 12 N. Y. 372 ; *Giddings* v. *Turgeon*, 58 Vt. 106.

This statute is not retrospective and should not be construed to have that effect. *Lowry* v. *Keyes*, 14 Vt. 74 ; *Briggs* v. *Hubbard*, 19 Vt. 60 ; *Wires* v. *Farr*, 25 Vt. 41 ; *Richardson* v. *Cook*, 37 Vt. 599 ; *Sturges* v. *Hull*, 48 Vt. 302 ; *Dash* v. *Van Kleeck*, 7 Johns. 477 ; *Rood* v. *Willey*, 58 Vt. 474 ; *Dorhorty* v. *Madgett*, 58 Vt. 323.

The opinion of the court was delivered by

ROWELL, J.. The only statement of marital relation between the plaintiffs is in the writ, which is dated March 5, 1887, and attaches the defendant " to answer to Mary J. Wright, of, &c., and Edward Wright, husband of said Mary J. Wright, &c." But by statute the writ and the declaration are blended and made one, and in pleading the writ may be referred to to help out a defective averment in the declaration or the want of a material averment. *Church* v. *Westminster*, 45 Vt. 380.

The description of Edward Wright as husband of Mary J. Wright is mere *descriptio personæ*, and as it is connected with nothing that refers it to any other time, it relates to the time of pleading and not to any prior time. It is the same as though it read, being (*existens*) the husband, or, who is the husband, which should manifestly refer to the time of pleading. And so it has been held. Thus, in Bridgess' Case, Cro. Jac. 639, the respondents were indicted *pro eo quod* they entered into such land, *existens liberum tenementum* of J. S., *et manu forti* disseised him. And because the indictment was not *adhuc existens liberum tenementum*, and *existens liberum tenementum* might refer to the time of the indictment and not of the entry, the indictment was adjudged ill. See, also, Sir Nicholas Poynts's Case, Cro. Jac. 214, and 1 Chit. Crim. Law (220). When *existens*, referring to the person, may relate to a time prior to that of pleading, see Johnson's Case, Cro. Jac. 610.

It is claimed that the averment that the defendant " did make, execute, and deliver " the note " to the plaintiff, Mary J. Wright, * * * and therein promised the plaintiff, Mary J. Wright,"

&c., is an allegation that at the time of its execution she bore the name of Wright, and that, as she then bore that name, it follows that she was then the wife of the other plaintiff, because his name is Wright, and hence that this is, in effect, the allegation. This claim does not comport with the rule that everything is to be taken most strongly against the pleader, under which we might as well suppose that her maiden name was Wright, or that she was then covert or discovert of some other Wright, as to suppose that she was the wife of the other plaintiff because his name happened to be Wright.

There is, then, no allegation that the plaintiffs were husband and wife at the time the note was given, which was April 15, 1881, nor at the time the St. of 1884 was passed, whereby the common-law disability of married women in respect of acquiring property, and of binding themselves by contract, and of suing and being sued alone in respect of their separate rights and liabilities, has been almost wholly removed. That act provides that a married woman may make contracts with any person, other than her husband, and bind herself and her separate property, in the same manner as if she was unmarried, and may sue and be sued as to all such contracts made by her either before or during coverture, without her husband being joined as plaintiff or defendant, and that all personal property and rights of action acquired by her before coverture, or acquired in any manner during coverture, except by her personal industry or by gift from her husband, shall be held to her sole and separate use, not subject to the disposal of her husband nor liable for his debts.

As there is no allegation that the plaintiffs were husband and wife prior to the time of bringing the suit, the case must stand as upon a marriage of that time, which brings the note within the operation of the statute, and makes it the sole and separate property of the wife, free from the disposition of the husband, who has and can acquire no interest therein by virtue of his marital rights, which must be governed by the law as it stood at the time of marriage; and the question is, Can he be plaintiff with his wife in an action upon the note? Counsel for the plaintiffs con-

cede that he cannot be upon this holding as to lack of averment of earlier marriage. And that is the logic of the thing ; for the general rule is, at law, that actions upon contracts must be brought in the name of him who has the legal interest ; and as the husband has no legal interest, and the wife is no longer under disability to sue alone, no reason remains for his joining, and *cessante ratione legis cessat ipsa lex.*

And although the statute may seem in form to be merely permissive, "may sue and be sued," and to leave it optional whether the husband shall join or not ; yet, when we consider that its purpose was to cut up by the roots the marital rights of the husband in the wife's personal property and rights of action, and to set her free from. the thraldom of the common law in respect thereof, and confer upon her the rights and privileges of an independent legal existence, it would be inconsistent with the spirit of the act to construe it as permissive merely and not mandatory. And, besides, by construing it as mandatory, we preserve the symmetry of the law by not having an unnecessary plaintiff who has no interest. We also get certainty in the law, which is always desirable though not always attainable. We also prevent the husband from being made ,a competent witness for the wife merely by joining him ; and the defendant from being deprived of an offset against the wife alone.

In Massachusetts a statute similarly worded is construed as *obliging* the wife to sue alone at law. *Hennessey* v. *White,* 2 Allen, 48 ; *Forbs* v. *Tuckerman,* 115 Mass. 115, 118. So in the District of Columbia, *Candy* v. *Smith,* 12 Cent. Rep. 35. In New York it does not seem to be settled. *Palmer* v. *Davis,* 28 N. Y. 242 ; *Ackley* v. *Tarbox,* 31 N. Y. 564.

In *White and Wife* v. *Waite,* 47 Vt. 502, the husband was allowed to join with the wife in trespass for her property, although it was of such a character that he had no marital right to reduce it to possession. But then the wife could not sue alone, and there was a necessity for his joining.

*Judgment reversed, demurrer sustained, the new declaration adjudged insufficient, and cause remanded, with liberty to the plaintiffs to apply for leave to amend as they may be advised.*