## GEO. C. STORY AND WIFE *v.* M. DOWNEY AND WIFE.

*Slander. Parties. Husband and wife. Pleadings.*

1. A husband should not be joined with his wife as a co-plaintiff in an action by the wife for slanderous words spoken of the wife since the passage of No. 140, Acts 1884, relating to the rights of married women.

2. Nor should he be joined as a co-defendant in an action against the wife for such words, unless they were spoken by his authority and direction.

3. The declaration must allege such authority and direction or it will be demurrable.

This was an action on the case for slander, and was heard on general demurrer to the declaration at the September Term, 1888, TAFT, J., presiding. Demurrer overruled. The defendants except. The case appears in the opinion.

*F. W. McGettrick,* for the defendants, referred to No. 140, Acts of 1884.

*Wilson & Hall,* for the plaintiffs.

The action is properly brought in the name of the husband and wife. Odg. Lib. 345; *Merritt and wife* v. *Dearth,* 48 Vt. 65; *Hoar and wife* v. *Ward and wife,* 47 Vt. 657; *Hackett* v. *Hewitt,* 57 Vt. 442; *Muir* v. *Bissett,* 52 Vt. 287; *Sheridan and wife* v. *Sheridan,* 58 Vt. 504; *Ryan and wife* v. *Madden,* 12 Vt. 51; *White and wife* v. *Waite,* 47 Vt. 502.

The husband should be joined as a defendant. At common law the husband was liable for the torts of the wife. If this tort was committed by the direction of the husband, that fact can be proved on trial; it need not be referred to in the declaration. It is like a notice of injury through a defect in the highway. It must be shown in evidence but need not be pleaded. *Shaw* v. *Hallihan,* 46 Vt. 393; *Longley* v. *Leach,* 57 Vt. 377; *Lombard* v. *Batchelder,* 58 Vt. 558; *Kent* v.

*Town of Lincoln*, 32 Vt. 591; *Matthie* v. *Barton*, 40 Vt. 286; *Doyan* v. *School District No. 3 in Montgomery*, 35 Vt. 520; *Hotchkiss* v. *Ladd*, 36 Vt. 593.

The opinion of the court was delivered by

ROYCE, Ch. J.  This was an action of slander, brought to recover on account of slanderous words that are alleged to have been spoken by the defendant wife of and concerning the plaintiff wife, and was heard upon general demurrer to the declaration. The grounds of demurrer urged are the joinder of the husbands as plaintiffs and defendants.  At common law the husbands were properly joined both as parties plaintiff and defendant, but it is claimed that the statutes of this State have changed the common law, so that the plaintiff wife should have brought the action in her own name, and that the defendant wife should have been sued alone.

Section 2321, R. L., gave a married woman who was carrying on business in her own name the right to sue and be sued in her own name in matters connected with such business in the same manner as if she were unmarried.  That section was amended by No. 140 of the Acts of 1884.  The first section of this act enlarges the rights of a married woman by giving her the right to make contracts with any person other than her husband, and to sue and be sued upon the same without joining her husband as plaintiff or defendant.  The second section provides that all personal property and rights of action acquired by a married woman during coverture, except by her personal industry or by gift from her husband, shall be held to her separate use.  The third section provides, among other things, that a husband shall not be liable for the torts of his wife unless committed by his authority or direction.

The evident purpose and intention of the Legislature in the enactment of the statutes above referred to was to give a married woman full control of the property and rights of action mentioned, to deprive the husband of all control or interest in the same, and to leave her subject to the general rule that actions at law must be

Story and Wife *v.* Downey and Wife.

brought in the name of the party who has the legal interest. The reasons assigned at common law for requiring the husband to join with the wife in suits of this character no longer exist in this State, and she is left to pursue her remedy in the same manner as if a *femme sole.*

The right of action to recover for slanderous words spoken of the plaintiff wife during coverture was acquired, or originated, at the time the words were spoken, and the judgment that might be recovered in the action would be to her separate use; so we see no reason for holding that a different rule should be prescribed in deciding the question as to who should bring the suit, than the one that generally prevails in the case of persons who are under no legal disability.

In *Wright et ux.* v. *Burroughs,* heard at the last term of Supreme Court in Addison County, and reported in 61 Vt. 390, involving the right to join the husband in an action to recover on a note given to the wife, the court, ROWELL, J., say that, "As the husband has no legal interest, and the wife is no longer under disability to sue alone, no reason remains for his joining * * * and although the statute may seem in form to be merely permissive—'may sue and be sued'—and to leave it optional whether the husband shall join or not, yet, when we consider that its purpose was to cut up by the roots the marital rights of the husband in the wife's personal property and rights of action, and to set her free from the thraldom of the common law in respect thereof, and confer upon her the rights and privileges of an independent legal existence, it would be inconsistent with the spirit of the act to construe it as permissive merely, and not mandatory. And besides by construing it as mandatory, we preserve the symmetry of the law by not having an unnecessary plaintiff who has no interest."

It has been generally held in the States where there are statutes upon the subject similar to those in this State that for torts to a wife she must sue alone. In *Campbell and wife* v. *Perry,* heard recently by the General Term in New York, in which a recovery was sought for injuries to the wife caused by the negligence of the defendant, it was held that the joinder of the husband as plaintiff was a misjoinder. See also *Foot* v. *Card,* Supreme Court of Errors of Connecticut, decided in 1889 and

Story and Wife *v.* Downey and Wife.

reported in Albany Law Journal of April 5, 1890, and *Bennett* v. *Bennett* in the same journal of Feb. 5, 1890, and the Massachusetts cases referred to by Judge Rowell, in *Wright* v. *Burroughs, supra.* The husband was improperly joined as a co-plaintiff.

It was error to join the husband as a co-defendant. At common law the husband was liable for the torts of the wife; but by the 3d section of the Act of 1884 his liability was limited to such torts as were committed by his authority or direction. So that, to render a husband liable under that statute, for a tort committed by his wife, it must be alleged and proved that the tort was committed by his authority or direction. The allegations are, that the wife committed the tort, and there is no allegation connecting the husband with its commission, but his liability is made to rest upon the fact that he was her husband. But his common law liability has been limited, as above stated, so that he is no longer liable by reason of his being husband.

It is an elementary rule of pleading, that whatever is a necessary element in the plaintiff's cause of action must be averred in the declaration, because that should set forth all such facts as are necessary in order to show that the plaintiff has a legal cause of action against the defendant. *Kent* v. *Lincoln,* 38 Vt. 591. And it was held in this case that the cause of action was complete and perfect when the plaintiff had sustained injury by reason of the insufficiency of the highway in question, and that the notice required to be given to the town need not be set forth in the declaration. This rule was affirmed in *Matthie* v. *Barton,* 40 Vt. 286. But here the cause of action was not made complete and perfect as against the husband by the tort committed by the wife, and it could only be made complete and perfect against him by his having authorized or directed it. So that the fact of his having authorized or directed it was a necessary element in the plaintiff's cause of action, and it was a misjoinder to make him subject to the payment of such judgment as might be obtained.

*The judgment is reversed, demurrer sustained, declaration adjudged insufficient, and judgment rendered for defendants.*